CARNES, Circuit Judge,
concurring:
I concur in the majority opinion but write separately to emphasize that we are not deciding one issue involving the interpretation of the Alabama Motor Vehicle Franchise Act, Ala.Code § 8-2(M(l) (2006). That issue is whether the Act prohibits a manufacturer from tying the sale of one vehicle to the purchase of another or only prohibits tying when there is more coercion involved than that inherent in the tie itself.
The Act lists some unfair trade practices in § 8-20-4(1). The infinitive phrase before the colon preceding that list contains a coercion element or requirement (“to coerce or attempt to coerce any motor vehicle dealer”). Ordinarily, words preceding a colon apply to the entire list of items that follow the colon, which would indicate that all of the conduct that is described thereafter in § 8-20-4(1) is prohibited only if it is coercive.
It may be, however, that the “or to require” clause, which is the last forty-one words of § 8-20-4(l)(a), is an anti-tying provision that operates free of the coercion element. That clause may be free of the coercion requirement because it does not make sense to say that “any manufacturer” must not “coerce ... or to require a motor vehicle dealer to accept, buy, order or purchase” any items in order to obtain any other items. But that is exactly what the statute says if the coercion element is read to apply to the “or to require” clause at the end of § 8-2(M(l)(a).
Not only that, but if the coercion element is read to apply to the “or to require” clause, which is to the right of the semicolon, then that entire forty-one word clause will have no meaning. It will have no meaning because everything that it will prohibit — coercive tying — is already prohibited by the first part of § 8-2(M(l)(a), the part to the left of the semi-colon. There is a strong presumption against reading statutory language to be so redundant that it is meaningless.
This issue is interesting, or what passes for interesting when it comes to matters of statutory interpretation, but we do not decide it. We do not decide it because counsel for the dealer, the appellant here, has insisted with all his might that the coercion element does apply to all of § 8-2(M(l)(a), including the “or to require” clause, and that a tying requirement alone is not enough. We have accepted his adamant concession and have decided the buy-one-to-get-one claim on the assumption that he is right — that he must establish coercion above and beyond that inherently involved in any tying arrangement. I do not object to giving counsel the detriment of his concession, nor am I sure that we would decide the issue differently but for his concession. I am sure, however, that whether the “or to require” clause of § 8-20-4(l)(a) prohibits all tying, or just prohibits tying in which the coercion exceeds that necessarily inherent in the tie, is an issue for another day and another case. Perhaps that is just as well, because it is the kind of state law issue better decided by the state courts.